*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* IRLAND, Minors.

UNPUBLISHED
June 16, 2026
2:33 PM

No. 378111
Otsego Circuit Court
Family Division
LC No. 24-000273-NA

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order assuming jurisdiction over his minor children. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, one of respondent's children was brought to the hospital for "seizure like activity," and her urine tested positive for marijuana. Children's Protective Services (CPS) investigated the respondent-parents and determined that the marijuana did not belong to them. The same child was hospitalized again in May 2024 after ingesting trazodone. CPS investigated again, and again found that the trazodone did not belong to the respondent-parents. Then, in July 2024, respondent's other child, a newborn, was taken to the hospital when fears arose regarding whether she was breathing. Following the hospitalization, CPS workers visited the home, finding it to be extremely cluttered and filthy. They also saw ammunition and an e-cigarette, or "vape," out in the open within reach of the children, and there was a gun in an unlocked safe.

The petition alleged that remaining in the house was contrary to the children's welfare because of unsanitary living conditions, domestic violence, lack of proper supervision, and respondent's physical health. Respondent challenged these allegations, so the trial court held a

---

[1] The children's mother was also a respondent in the proceedings below but is not a party to this appeal.

jury trial. During the trial, various caseworkers involved with the family over time testified about their involvement, including the marijuana and trazodone incidents that gave rise to investigations and safety plans. The jury found that both children faced a substantial risk of harm, and the trial court assumed jurisdiction. Respondent now appeals.

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's decision regarding the admission of evidence." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). "When an evidentiary question involves a question of law, such as the interpretation of a statute or court rule, our review is de novo." *Id*.

## III. ANALYSIS

Respondent argues that the trial court erred by admitting inadmissible hearsay testimony at trial. We disagree.

The rules of evidence for civil proceedings apply to evidentiary matters in parental-rights-termination trials. MCR 3.972(C)(1). Under MRE 802, hearsay is inadmissible unless an exception applies. Hearsay is an out-of-court statement offered for the truth of the matter asserted. MRE 801(c). "If, however, the proponent of the evidence offers the statement for a purpose other than to prove the truth of the matter asserted, then the statement, by definition, is not hearsay." *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). One such permissible purpose is to show the effect a statement had on a listener. *People v Gaines*, 306 Mich App 298, 306-307; 856 NW2d 222 (2014).

In this case, the testimony that referred to the marijuana and trazodone events were not introduced to establish that respondent's child had, in fact, ingested these substances. Instead, they were introduced to provide a history of the family's interactions with CPS since December 2023 that ultimately led to the filing of the petition in this case. Because these statements were not introduced for the truth of the matter asserted, but to show the impact they had on the listener and the listener's subsequent actions, they were not hearsay and were therefore admissible.[2]

But even if the testimony had been inadmissible hearsay evidence, respondent is still not entitled to relief because any error in admitting such evidence was harmless. See MCR 3.902(A);

---

[2] We note that respondent's brief on appeal argues that the jury took the testimony for the truth of the matter asserted because one juror asked a question about "gummies." But the jury was instructed that it could only consider admissible evidence and was informed earlier that the marijuana incident was not offered for its truth. Respondent provides no argument as to how this single-word question from a juror demonstrates that the jury disregarded the trial court's instructions. See *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008) ("jurors are presumed to follow their instructions."). Respondent has therefore abandoned this argument by failing to sufficiently brief its merits. *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019).

MCR 2.613. Caseworkers testified that, during the May 2024 home visit, they observed clutter and dog feces on the floor, and noted the smell of urine. During the July 2024 home visit, they observed that the home was in a worse condition, with a foul odor, more dog feces, old food, and dirty dishes throughout the home. There was also testimony that there was an unsecured handgun, ammunition, and a vape on a TV stand in the living room. Moreover, respondent admitted that, in July 2024, he was unable to care for the children due to his medical condition. Thus, even if the jury had not heard any testimony regarding marijuana or trazodone, we conclude that these conditions would have led the jury to find that remaining in the home posed a substantial risk to the children's mental wellbeing under MCL 712A.2(b)(1).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle